**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000022
23-JAN-2012
08:48 AM**

NO. CAAP-10-0000022

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF SOUNDVIEW HOME LOAN TRUST 2007-OPT4,
ASSET-BACKED CERTIFICATES, SERIES 2007-OPT4
Plaintiff-Appellee,
v.
MARYELLEN MCCLUNE MARKLEY, Defendant-Appellant,
and
THE QUEEN'S FEDERAL CREDIT UNION; KALANI PROPERTIES,
LLC; RENE CAMACHO; DIRECTOR OF DEPARTMENT OF TAXATION
OF THE STATE OF HAWAII; JOHN DOES 1-50; JANE DOES 1-50;
DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE
ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 2-50,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0356)


MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Maryellen McClune Markley (Markley)
appeals from the Judgment filed on July 14, 2010 in the Circuit
Court of the First Circuit[1] (circuit court). Pursuant to the
circuit court's Findings of Fact; Conclusions of Law; Order
Granting Motion for Summary Judgment as Against all Defendants
and for Interlocutory Decree of Foreclosure filed on July 14,
2010 (FOF/COL/Order), the court granted summary judgment in favor

---

[1] The Honorable Bert I. Ayabe presided.

of Plaintiff-Appellee Wells Fargo Bank, N.A., as Trustee For the Certificateholders of Soundview Home Loan Trust 2007-OPT4, Asset-Backed Certificates, Series 2007-OPT4 (Wells Fargo).

On appeal, Markley contends the circuit court erred in granting summary judgment because genuine issues of material fact remained as to whether Markley had been provided with the Notice of Right to Cancel forms required under the federal Truth-in-Lending Act (the TILA), 15 U.S.C. § 1635 (1995).

## I. BACKGROUND

In consideration of a loan made by Option One Mortgage Corporation (OOMC) to Markely in the principal sum of $825,000.00, Markley executed a promissory note and a first mortgage (mortgage), both dated July 12, 2007, in favor of OOMC. On February 5, 2010, Markely attempted to cancel the mortgage by sending a letter to both OOMC and Wells Fargo.

On February 18, 2010, Wells Fargo filed a complaint against Markley to foreclose the mortgage. Markley filed her answer on March 17, 2010.

Wells Fargo filed a Motion for Summary Judgment as Against All Defendants and for Interlocutory Decree of Foreclosure (MSJ) on March 31, 2010. On April 13, 2010, Markely filed her memorandum in opposition, in which she argued that the mortgage was void and unenforceable under TILA because Markley had not been provided with two copies of the Notice of Right to Cancel.

The circuit court held a hearing on the MSJ on June 2, 2010. On July 14, 2010, the circuit court issued its FOF/COL/Order and the Judgment.

On July 26, 2010, Markley filed a "Motion for Reconsideration of the Court's Order Granting Motion for Summary Judgment as Against all Defendants and for Interlocutory Decree of Foreclosure Filed July 14, 2010." The circuit court denied Markley's motion for reconsideration on September 13, 2010. Markley timely appealed.

## II.  STANDARD OF REVIEW

The appellate courts review "the circuit court's grant or denial of summary judgment de novo." Querubin v. Thronas, 107 Hawaiʻi 48, 56, 109 P.3d 689, 697 (2005) (quoting Durette v. Aloha Plastic Recycling, Inc., 105 Hawaiʻi 490, 501, 100 P.3d 60, 71 (2004)).

> The Hawaiʻi Supreme Court has often articulated that
>
> summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties.  The evidence must be viewed in the light most favorable to the non-moving party.  In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

Querubin, 107 Hawaiʻi at 56, 109 P.3d at 697 (quoting Durette, 105 Hawaiʻi at 501, 100 P.3d at 71).

## III.  DISCUSSION

Markley contends the mortgage was timely cancelled and is void and unenforceable under federal law because she was not provided with two copies of the Notice of Right to Cancel. Markley correctly argues that Wells Fargo did not present sufficient evidence for the circuit court to hold that there existed no genuine issues of material fact as to whether two copies of the Notice of Right to Cancel were received by Markley.

Under TILA, "[t]he creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor [to rescind.]" 15 U.S.C. § 1635(a). Furthermore, a creditor is required to "deliver two copies of the notice of the right to rescind to each consumer entitled to rescind." 12 C.F.R. § 226.23 (b)(1) (2009).  If the required disclosures are not made, the borrower's right of rescission expires "three years after the date of consummation of the

3

transaction or upon the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f).

Wells Fargo argues that the affidavit of Settlement Agent Joan Jones, which declared that Markley had received two copies of the Notice of Right to Cancel, is ample evidence to disprove Markley's contention that the mortgage was timely canceled.  Markley stated in an April 13, 2010 declaration that she did not receive two copies of the Notice of Right to Cancel.

"The case law of other jurisdictions is well settled that a debtor's affidavit averring non-delivery is sufficient to create a genuine issue of material fact as to whether the statutory presumption had been rebutted, thereby precluding summary judgment with respect to a claim based upon a debtor's assertion of non-delivery."  Hawaii Cmty. Fed. Credit Union v. Keka, 94 Hawaiʻi 213, 224, 11 P.3d 1, 12 (2000) (citing to Stone v. Mehlberg, 728 F. Supp. 1341, 1353-54 (W.D. Mich. 1989 & Supp. Opinion 1990); Powers v. Sims & Levin Realtors, 396 F. Supp. 12, 22-23 (E.D. Va. 1975), aff'd in part and denied in part, 542 F.2d 1216 (4th Cir. 1976); Cintron v. Bankers Trust Co., 682 So. 2d 616, 616-17 (Fla. Dist. Ct. App. 1996); Award Lumber & Constr. Co. v. Humphries, 441 N.E.2d 1190, 1191-92 (Ill. App. Ct. 1982)).  The court in Keka went on to hold that a debtor's declaration that the debtor never received two copies of the Notice of Right to Cancel "raised a genuine issue of material fact as to whether the [creditor] timely provided the [debtor] with the disclosures required by TILA."  Keka, 94 Hawaiʻi at 225, 11 P.3d at 13.

Wells Fargo attempts to distinguish the present case from Keka by arguing that the affidavit of Joan Jones is stronger evidence that Markley received the Notice of Right to Cancel than was present in Keka.  However, Keka did not focus on the strength or quality of evidence presented by the creditor, but rather focused on whether the debtor's claims raised a genuine issue of material fact.  See Keka, 94 Hawaiʻi at 225, 11 P.3d at 13.

As stated earlier, when reviewing the grant or denial of a motion for summary judgment, "[t]he evidence must be viewed

in the light most favorable to the non-moving party." <u>Querubin</u>, 107 Hawai'i at 56, 109 P.3d at 697.  In the instant case, Markley claims she never received two copies of the Notice of Right to Cancel.  If true, these allegations would establish that the mortgage was subject to recision.  Markley's declaration raises genuine issues of material facts; accordingly, the circuit court erred in granting the MSJ.

## IV.   CONCLUSION

The Judgment filed on July 14, 2010 in the Circuit Court of the First Circuit is hereby vacated, and this case is remanded to the circuit court.

DATED:   Honolulu, Hawai'i, January 23, 2012.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
Simeon L. Vance
for Defendant-Appellant.

Peter T. Stone
Charles R. Prather
Sofia M. Hirosane
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

5